## Gardner, Appellant, v. Ives.

*Equity—Cancellation of deed—Fraud and undue influence.*

A bill in equity praying that a deed executed by a mother to her son be declared null and void on the ground that at the time it was executed the grantor was in her eighty-second year, of failing memory, and weak in body and mind, and that the grantee had procured the execution of the instrument by fraud and undue influence, is properly dismissed where there is a finding based on competent evidence that the grantor at the time she executed the deed had sufficient mental capacity to understand what she did, and that the grantee had exercised no undue influence over her in inducing her to execute and deliver the instrument to him.

Argued Feb. 22, 1915. Appeal, No. 180, Jan. T., 1914, by plaintiff, from decree of C. P. Lackawanna Co., March T., 1912, No. 16, in equity, dismissing bill in equity for the cancellation of a deed in case of Flora E. Gardner v. Francis M. Ives. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity to annul and set aside a deed. Before EDWARDS, P. J.

The opinion of the Supreme Court states the case.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*A. A. Vosburg,* with him *William H. Roe,* for appellant.

*R. W. Archbald,* with him *W. W. Hall,* for appellee.

PER CURIAM, March 22, 1915:

The averments in appellant's bill, upon which she asked that the deed to the appellee be declared null and void, are that at the time it was executed by Mary Ives she was in her eighty-second year, with failing memory,

weak in body and mind, and that the appellee had procured the execution of the instrument by fraud and undue influence. The learned and careful chancellor below found, "with no difficulty whatever," that the grantor, at the time she executed the deed, had sufficient mental capacity to understand what she did, and that the grantee, her son, had exercised no undue influence over her in inducing her to execute and deliver the instrument to him. On these findings the appeal is dismissed and the decree affirmed at appellant's costs.